Thomas P. Valet (4021)
Rappaport Glass Levine & Zullo, LLP
1355 Motor Parkway
Islandia, New York 11749
Telephone:   (631) 293-2300
Fax:         (631) 293-2918
Email:       tvalet@rapplaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

NEW YORK EASTERN DISTRICT

| | |
|---|---|
| KARL THOMPSON as Administrator of the Estate of James Thompson, Sr. (deceased),<br><br>                    Plaintiff,<br><br>           -against-<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | File No:<br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiff, by and through his attorneys, Rappaport, Glass, Levine & Zullo LLP, respectfully alleges upon information and belief, the following:

**JURISDICTION AND VENUE**

1. Jurisdiction for this action in the United States District Court arises under 28 U.S.C § 1346(b) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), which provides that a tort claim which is administratively denied or not given administrative disposition within 6 months of the filing of the claim may be presented to a Federal District Court for judicial consideration. Venue is based upon 28 U.S.C. 1402(b) in that the acts or omissions complained of occurred within this judicial district.

## FIRST CAUSE OF ACTION

2. Prior to the commencement of this action, Plaintiff Karl Thompson was appointed Administrator of the Estate of James Thompson, Sr., by the Surrogate's Court of the State of New York, County of Suffolk.

3. Prior to the commencement of this action, and within 2 years of its accrual, Plaintiff Karl Thompson, on behalf of the Estate of James Thompson, Sr., presented an Administrative Tort Claim for Damage, Injury or Death (Standard Form 95) to the UNITED STATES OF AMERICA, Department of Veterans Affairs, Regional Counsel, Brooklyn VA Medical Center, 800 Poly Place, Bldg. 14, Brooklyn, NY 11209. The claim was acknowledged and was assigned Claim No. GCL #436788.

4. On February 7, 2020, the Department of Veterans Affairs issued an administrative denial of the aforesaid claim.

5. This action was commenced within 6 months of the date of the administrative denial of the aforesaid claim.

6. Plaintiff Karl Thompson is a citizen and resident of the State of New York, County of Suffolk, within this Judicial District. Prior to his death, Plaintiff's Decedent James Thompson, Sr., was a citizen and resident of the State of New York, County of Suffolk, within this Judicial District.

7. Plaintiff's Decedent James Thompson, Sr., was a decorated and Honorably Discharged Veteran of the United States Military.

8. That on or about January 10, 2018, James Thompson, Sr., a resident of the Eastern District of New York, died as a proximate result of the negligence of defendant UNITED STATES OF AMERICA. At that time, James Thomason, Sr., was 86 years old.

9. Upon information and belief, defendant UNITED STATES OF AMERICA, at all times mentioned herein, owned, operated, maintained, staffed and controlled a medical facility known as the Veterans Affairs Medical Center, Northport Health Care System (hereinafter "VAMC-NORTHPORT"), within this judicial district.

10. Upon information and belief, the physicians, surgeons, nurses, attendants, anesthesiologists, nurse anesthetists, assistants, consultants, staff members, and other medical care providers at the VAMC-NORTHPORT were the ostensible agents, actual agents and employees of the Defendant UNITED STATES OF AMERICA, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents and employees with the consent of Defendant UNITED STATES OF AMERICA.

11. That Plaintiff's Decedent James Thomson, Sr. was a patient of and has been treated at the VAMC-NORTHPORT for many years up to the time of his death. As an honorably discharged veteran of the United States Military, he was entitled to receive and he had sought, consulted and engaged the services of the above-described physicians, surgeons, nurses, attendants, assistants, consultants and other health care providers at the VAMC-NORTHPORT to examine, diagnose and provide care and treatment to him and do all things necessary in his care and treatment. The Defendant though its agents and employees undertook and agreed to diagnose Plaintiff's Decedent's physical condition and to care for, treat and deliver and do all things necessary and proper in connection therewith thereby creating a duty of care to Plaintiff's Decedent James Thompson, Sr. Among the conditions for which Plaintiff's Decedent presented himself to the VAMC-NORTHPORT were ongoing complaints of weakness and worsening mental status and of being at a high risk of falling.

12. Commencing in or about the year 2017, James Thompson, Sr., began to complain to the medical staff at the VAMC-NORTHPORT of symptoms of weakness and worsening mental status. His symptoms progressed, and he was admitted to the VAMC-NORTHPORT multiple times in 2017. Each time he complained of increasingly more severe symptoms of weakness and worsening mental status. He was assessed as being at risk of falling.

13. On or about September 1, 2017, Thompson, Sr., was admitted once again to the VAMC-NORTHPORT. The records of the VAMC-NORTHPORT document that he was assessed as being at risk for development of pressure ulcers and a pressure ulcer protocol was implemented. He was also assessed as being high risk for falling.

14. Despite the assessment as being at high risk for falling, no one-on-one care was ordered, despite the fact that James Thompson, Sr., was in the same condition as previous admissions and had previously required precautions to prevent him from falling and despite his assessment as high risk for falling.

15. On September 2, 2017, James Thompson Sr., fell from his bed and fractured his femur. The fall was not noted in his chart, and the fracture was not diagnosed until September 4, 2017. Fall precautions and one-on-one care were not ordered for Mr. Thompson until after his fall on September 2, 2017. Although surgery for the fractured femur was originally planned, Mr. Thompson developed pneumonia and surgery was not performed.

16. While in the VAMC-NORTHPORT, Mr. Thompson developed bed sores on his buttock. His chart indicated that using the Braden assessment to score Mr. Thompson, he was classified as high risk for pressure ulcers and describes the pressure sore as Stage III. A progress note dated September 7, 2017 describes a sacral decubitus over the coccyx.

17. That in the aforementioned treatment of Plaintiff's Decedent James Thompson, Sr., and specifically with respect to the handling, control, care, and treatment of plaintiff's decedent's fall and the development of pressure ulcers, the Defendant herein, by and through its ostensible agents, actual agents, and employees, negligently failed to possess and to exercise that degree of knowledge and skill ordinarily possessed and exercised by other hospitals, physicians, nurses, attendants, assistants, consultants and contractors in the same or similar locality.

18. Defendant, its agents, servants, physicians, staff members, employees and/or independent contractors were careless and negligent in care and treatment of James Thompson, Sr., and failed to properly and appropriately provide the necessary and required medical care and treatment to the plaintiff's decedent for the conditions with which he presented, to wit, complaints of weakness and worsening mental status, risk of developing pressure ulcers, risk of falling, and negligently failing to timely and properly diagnose and treat plaintiff's decedent's condition; delayed in the proper diagnosis of plaintiff's decedent's condition; failed to properly conduct a proper medical investigation into the cause of plaintiff's decedent's symptoms; failed to properly examine and assess the plaintiff's decedent; failed to properly develop an appropriate treatment plan, failed to timely and properly order and implement precautions to prevent Mr. Thompson from falling, including implementation of fall precautions and one-on-one observation and one-on-one appropriate care and treatment for his condition; failed to prevent his fall and injury; failed to timely and properly diagnose his injury from the fall; failed to properly order and implement measures to prevent pressure ulcers from developing; failed to properly examine patient; failed to order measures to prevent development of pressure ulcers, including use of specialized mattresses, turning the patient, keeping the skin dry; and otherwise negligent in the care and treatment provided to Mr. James Thompson, Sr.

19. As a proximate result of the aforesaid negligence and failure to properly treat plaintiff's decedent, plaintiff's decedent James Thompson, Sr., sustained a fracture of his right femur and developed pressure ulcers on his body, including the sacrum and coccyx, suffered impairment and limitations of the movement and use of his leg, experienced pain and suffering and suffered loss of enjoyment of life as a result of his injuries; developed infections and general debilitation of his body and organs that ultimately resulted in his death.

20. As a proximate result of the aforesaid negligence and failure to properly treat plaintiff's decedent resulting in his death, Karl Thompson and James Thompson, Jr., his sons and heirs of decedent James Thompson, Sr., have been deprived of the society, comfort, protection, love, moral support, companionship of said decedent, and have been caused to incur expenses including funeral costs and medical expenses, and have suffered personal anguish, sorrow, suffering and pain and shock which resulted from the death of their father, all in the amount of $5,000,000.00.

21. That as a further result of the negligence of the defendant, Plaintiff is entitled to prejudgment interest from the date of death of plaintiff's decedent under applicable law.

22. That by reason of the foregoing, plaintiff Karl Thompson, as Administrator of the Estate of James Thompson, Sr., has been damaged in a sum not to exceed $2,000,000.00.

## SECOND CAUSE OF ACTION

23. Plaintiff repeats the prior paragraphs of this Complaint as if fully set forth herein.

24. That by reason of the foregoing carelessness, negligence and medical malpractice of defendants, their agents, servants, staff members, independent contractors, and/or employees, same caused, precipitated and/or hastened the death of the decedent on January 10, 2018.

25. That decedent left surviving his sons and that his distributees have suffered substantial pecuniary injuries by reason of the death of JAMES THOMPSON, SR., under the New York State Estates, Powers & Trusts Law, all to their damage.

26. By reason of the death of decedent, his distributees have been and will continue to be deprived of the love, support, parental guidance and society of their father all to their damage.

27. That by reason of the foregoing, plaintiff Karl Thompson, as Administrator of the Estate of James Thompson, Sr., has been damaged in a sum not to exceed $2,000,000.00.

**WHEREFORE**, plaintiff demands judgment against the defendant as follows, together with the interest, costs and disbursements of this action:

1. For the First Cause of Action: Judgment against Defendant United States of America in the amount of $2,000,000.00, together with the interest, costs and disbursements of this action; and An award of such other and further relief as this Court may deem just and proper.

2. For the Second Cause of Action: Judgment against Defendant United States of America in the amount of $2,000,000.00, together with the interest, costs and disbursements of this action; and An award of such other and further relief as this Court may deem just and proper.

3. An award of such other and further relief as this Court may deem just and proper.

Dated: February 25, 2020

**RAPPAPORT, GLASS, LEVINE & ZULLO, LLP**
*Attorneys for Plaintiff*

By: Thomas P. Valet, Esq.
1355 Motor Parkway
Islandia, New York 11749
Telephone:   (631) 293-2300
Fax:   (631) 293-2918
Email:   tvalet@rapplaw.com